USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-1699

 M & I HEAT TRANSFER PRODUCTS, LTD.,

 Plaintiff, Appellee,

 v.

 DIMITER GORCHEV and MITCO SPACE-GAIN, INC.,

 Defendants, Appellants.
 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker, U.S. District Judge]

 ____________________

 Before

 Boudin, Circuit Judge, 

 Campbell and Bownes, Senior Circuit Judges.

 ____________________

 Dean C. Brunel on brief for appellants.
 Eric S. Kupperstein and Kupperstein & Kupperstein on brief for
appellee.
 

 
 
 March 31, 1998
 
 
 
 BOUDIN, Circuit Judge. M & I Heat Transfer Products,
Ltd. ("M & I"), a Canadian corporation, and Mitco Space-Gain, Inc.
("Mitco"), a Massachusetts corporation, compete in the design and
sale of air-handling unit systems, which move air for purposes of
 heating and cooling buildings. Dimiter Gorchev, a citizen of
Massachusetts, is the sole stockholder, director, and president of
Mitco. This appeal arises out of a diversity action brought by M
 & I against Mitco and Gorchev. The pertinent events are as
 follows.
 In 1993, Vanderbilt University in Nashville, Tennessee,
 purchased an air-handling system from M & I and contemplated
further purchases. During the year, Gorchev wrote two letters, one
 to Vanderbilt's chancellor and one to "Members of the
Construction/Engineering [Heating, Ventilation, Air Conditioning]
Community." Gorchev's letters accused M & I of selling systems
 that it was not licensed to sell and of making products vastly
 inferior to Mitco's. Vanderbilt then refused to award a new
 $500,000 contract to M & I, although it later resumed doing
 business with M & I.
 M & I then sued Mitco and Gorchev in the district court,
 charging them with defamation, product disparagement, and
intentional interference with advantage business relationships. M
& I also sought multiple damages and attorneys' fees under Mass.
Gen. L. ch. 93A for unfair and deceptive trade practices. The jury
found in favor of M & I on the first three claims, awarding M & I
 total damages in the amount of $1,640,000.
 The statutory claim under chapter 93A was decided by the
 district judge. He found that the defendants had violated the
statute; that damages were $375,000; that the damages should be
doubled to $750,000 because the violations were willful; and that
attorneys' fees of $84,412.50 should be awarded to M & I. Because,
even after doubling, the chapter 93A damage award was less than the
jury's larger award, the final judgment awarded M & I the damages
fixed by the jury, plus interest, and the attorneys' fees set by
 the judge.
 Mitco and Gorchev raise numerous issues on appeal. A
number are not fully developed but we have considered them all so
far as possible. Only a few of the issues require discussion. We
first address the jury's damage award and then turn to the judge's
award of attorneys' fees under chapter 93A. We conclude that the
damage award was proper, but the attorneys' fees award is precluded
by statutory language and case law limiting claims under chapter
 93A to Massachusetts transactions.
 First, Mitco and Gorchev say that the district judge
erred in excluding evidence about patent infringement litigation
involving M & I in Canada. The district judge excluded mention of
this evidence from the opening argument so that he could evaluate
the evidence in context, but he left the door open for its later
introduction if the defendants could show that it was relevant. 
They made no effort to do so and thus have preserved no issue for
 us on appeal.
 Second, the defendants claim that the jury instruction on
intentional interference with advantageous business relationships
was defective because, they say, it should have included a malice
requirement as an element of the count. They did not object to
this instruction at the district court, so review is only for plain
 error. See Parker v. City of Nashua, 76 F.3d 9, 14 (1st Cir.
1996). Finding no error that threatens "the fundamental fairness"
of the proceedings, United States v. Natanel, 938 F.2d 302, 311
(1st Cir. 1991), cert. denied, 502 U.S. 1079 (1992), we decline to
 exercise our discretion to notice the alleged error.
 Third, defendants complain that the jury awarded too much
 in damages, that the award was speculative and unsupported, and
 that the M & I expert was not qualified. There was no manifest
error in allowing the expert to testify, see Ed Peters Jewelry Co.,
Inc. v. C & J Jewelry Co., Inc., 124 F.3d 252, 259 (1st Cir. 1997),
nor do we think that the jury verdict was irrational. In choosing
a smaller damage figure himself, the district judge made clear that
he did not think that the jury's award was insupportable. Nor did
he abuse his discretion in declining to order a new trial. SeeAnthony v. G.M.D. Airline Servs., Inc., 17 F.3d 490, 493 (1st Cir.
 1994).
 The only point on which we feel constrained to disagree
with the district court concerns the judgment under chapter 93A,
which matters only so far as it supports the award of attorneys'
 fees. Chapter 93A is expressly limited to "actions and
transactions" that "occurred primarily and substantially within the
 commonwealth." Mass. Gen L. ch. 93A, 11. Here, Mitco and
 Gorchev objected in the district court that the impact and harm
 occurred in Tennessee.
 In this instance, Gorchev apparently composed the two
 letters in question in Massachusetts but sent them outside the
state, and they had their most demonstrable effect in Tennessee. 
 There is no indication that the letters were distributed in
Massachusetts, nor is it clear that they had any impact within the
 state. How to fit multistate transactions within section 11's
formula has been a continuing problem. See generally Clinton Hosp.
 Ass'n v. Corson Group, Inc., 907 F.2d 1260, 1263-67 (1st Cir.
 1990).
 In this instance, the issue turns on applying section
 11's language to undisputed facts. However the matter might
 otherwise stand, it appears to us that the present case is
effectively governed by Bushkin Assocs., Inc. v. Raytheon Co., 473
N.E.2d 662 (Mass. 1985). That case, like this one, involved the
 simple fact pattern of a defendant's message that originated in
Massachusetts but whose receipt and impact occurred centrally in
 another state.
 In Bushkin, an officer of a Massachusetts-based
 corporation allegedly represented falsely in an interstate
telephone conversation with a New York investment banker that the
corporation would pay the banker if it used information the banker
 could supply. The banker supplied the information, and the
corporation used it, but refused to pay (having used the services
of other investment consultants). The Supreme Judicial Court held
that Massachusetts was not primarily involved; it stressed that,
 even though the fraudulent representations were made from
Massachusetts, they were "received and acted on in New York" and
 "[a]ny loss was incurred in New York." Id. at 672.
 We see no easy way to distinguish Bushkin, and M & I has
suggested none that seems to us persuasive. Makino, U.S.A., Inc.v. Metlife Capital Credit Corp., 518 N.E.2d 519, 523-24 (Mass. App.
Ct.), further appellate review denied, 521 N.E.2d 398 (Mass. 1988),
which M & I cites to us, confirms our own view that Bushkin should
not be taken to focus single mindedly on the place of injury; and
this court has in Clinton stressed the use of multiple factors. 
But where the facts before us now fit so well within Bushkin, we
think we are obliged to follow it unless and until the state courts
 alter their position.
 Accordingly, the award of damages with interest is
affirmed, the award of attorneys' fees is vacated, and the matter
 is remanded to the district court for entry of a new judgment
modified in the manner just described. Each side shall bear its
 own costs on this appeal.
 It is so ordered.